Robert Vereb, Esq.
The Portela Law Firm, P.C.
37-06 82nd Street, 3rd Floor
Jackson Heights, NY 11372
Tel: (718) 424-5000
Fax: (718) 424-5002


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

RUDY HERNANDEZ,

                      Plaintiff,

                                                                  **COMPLAINT**

       -against-                            )
                                                       )     Case No:

THE CITY OF NEW YORK,                         )
MICHAEL BLOOMBERG,                            )
Individually and in His Official Capacity;    )
NEW YORK CITY POLICE
DEPARTMENT, RAYMOND W. KELLY, )     Jury Trial Demanded
Individually and in His Official Capacity,    )
Detective MICHAEL RAMA,                       )
Individually and in His Official Capacity;    )
NEW YORK COUNTY DISTRICT                      )
ATTORNEY'S OFFICE, New York County )
District Attorney CYRUS VANCE,                )
Assistant New York County District Attorney)
LAURA MILLENDORF,                             )
Individually and in Her Official Capacity,    )
Assistant New York County District Attorney)
LAURIE McGUIRE, Individually                  )
and in Her Official Capacity;                 )
Assistant New York County District Attorney)
JENNIFER GAFFNEY, Individually and  )
in Her Official Capacity,

                      Defendants.
_____

## PRELIMINARY STATEMENT

1. Plaintiff Rudy Hernandez, by and through his attorneys The Portela Law Firm, P.C., brings this civil rights action against The New York City Police Department, The City of New York, and The New York County District Attorney's office and the above referenced individual members.

2. The Complaint alleges violations of 42 USC § 1983 42, USC § 1985 42 USC § 1986, 42 USC § 1988, for the deprivation of Hernandez' clearly established Fourth and Fourteenth Amendment rights against unreasonable search and seizure, false arrest, false imprisonment, malicious prosecution and deprivation of liberty without due process of law.

3. On February 11, 2011, the plaintiff, a twenty-one (21) year old Hispanic male, was falsely arrested and imprisoned for allegedly raping his then fourteen (14) year old psychiatrically infirm sister a *full year* prior to his arrest in or around January of 2010. The police officers and prosecutors relied solely on statements made by the mentally unstable, depressed, and suicidal young girl and pressured her to ultimately identify Hernandez as the rapist and to testify before the Grand Jury despite being fully aware that three other males were sleeping in the same room as the girl the night of the alleged incident and another unidentified tenant was sleeping in an adjoining room., and despite knowing that one of the four males in the room that night had a history of raping young female family

members. Moreover, they failed to produce physical evidence such as a rape kit and serology test results, as well as any known exculpatory evidence to defense counsel early on. Additionally, they failed to consider the young female's psychiatric records to determine if she was lucid and whether she was a credible witness and failed to question the three other suspects that were present in the same room as the complainant at the time of the alleged rape, one of whom had a history of raping young female family members. Clearly, the police and prosecutor(s) acted with malice and in bad faith.

## JURISDICTION

4. This civil rights action is brought pursuant to 42 U.S.C. §1983 and §1988. The court has subject matter jurisdiction pursuant to 28 U.S.C §1331 and 28 U.S.C. § 1343 (3) and (4).

## VENUE

5. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in Manhattan, which is in New York County.

## THE PARTIES

6. Named Plaintiff Rudy Hernandez is an individual who resides in New York County. The Plaintiff resides at 1370 St. Nicholas Avenue, Apt. 21R, New York, NY 10073.

7. Defendant MICHAEL R. BLOOMBERG is the Mayor of New York City and chief policymaker of the City of New York and its departments and agencies, including the NEW YORK CITY POLICE DEPARTMENT.

8. Defendant CITY OF NEW YORK is a municipal corporation within the State of New York.

9. Defendant RAYMOND W. KELLY has been the Commissioner of the New York City Police Department since 2002, acting under the color of law and in his individual and official capacities pursuant to the laws of New York. Commissioner Kelly is and was at all times relevant to this Complaint as the final policymaker of the New York City Police Department with respect to the training and supervision of detectives, including the defendant Detective Michael Rama, the individual defendant named herein, employed by the City of New York.

10. Defendant NEW YORK POLICE DEPARTMENT is the New York City agency that effectuated the unjust and false arrest of Plaintiff.

11. Defendant MICHAEL RAMA, an appointed and acting police officer of the City of New York, was the detective that investigated the case and unjustly and falsely arrested Plaintiff.

12. Defendant NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE is the entity that maliciously prosecuted Plaintiff and falsely imprisoned him.

13. Defendant CYRUS VANCE has been the duly elected District Attorney for New York County since 2010, acting under the color of law and in his individual and official capacities pursuant to the laws of the state of New York. The New York County District Attorney is and was at all times relevant to this Complaint the final policymaker of New York County with respect to the training and supervision of assistant district attorneys, including the individual defendants named herein, employed by the Monroe County District Attorney's Office.

14. Defendants ADA Laura Millendorf, ADA Laurie McGuire, and ADA Jennifer Gafney are Assistant District Attorneys of the New York County District Attorney's Office acting under the color of law and in their individual capacities within the scope of employment pursuant to the laws of the State of New York.

## The Facts

15. The alleged rape victim is the sister of Plaintiff, with a history of depression, mental and emotional problems.

16. On January 13, 2011, the alleged victim told her social worker at school that she was depressed and having suicidal thoughts due to an unexpected murder of a cousin in the Dominican Republic. Upon further questioning by the social worker, she stated that the Plaintiff had raped her a year earlier, in January or February of 2010. Ms. Hernandez was then transported by ambulance to Bellevue Hospital Center where she was admitted to the psychiatric ward. She was treated for depression and was given Celexa and other medications.

17. She told the hospital staff that the Plaintiff raped her about a year earlier while she was sleeping. A sexual Assault Forensic Examination was not performed as the alleged rape occurred one year prior to the reporting. She was later released from Bellevue with instructions to continue with outpatient psychological counseling.

18. The Hospital staff notified ACS (Administration for Children's Services). ACS then notified the News York City Police Department.

## The Investigation

19. Detective Michael Rama of the NYPD Manhattan Special Victims Squad was assigned to the case. He interviewed the alleged victim as well as the alleged victim's cousin and aunt (they confirmed that Ms. Hernandez did report a rape, but did not know any other details). Detective Rama did not interview the alleged victim's father, uncle, or other male tenant who resided in the apartment.

20. The alleged victim told Detective Rama that she was in bed, lying on her side facing the wall and sleeping. Admittedly, she did not see the person that was next to her in the bed while the rape took place. According to corroborated testimonies, there were another four males in the same apartment (two of which were in the same room as Ms. Hernandez) during the evening of the alleged rape, one of them having a history of sexually assaulting his own daughter (alleged victim's Uncle).

21. Detective Rama interviewed Plaintiff on February 11, 2011. Although the plaintiff stated that he did engage in otherwise illegal sexual activity (oral sex) in the Dominican Republic, with his sister about 8-9 years prior to the alleged rape, when they were both children, eight to nine years prior, he vehemently denied the allegation in issue and denied ever raping her.

22. In the end, the only thing Detective Rama relied on is what the alleged victim told him and what she told her cousin and aunt: that the Plaintiff raped her. There was no direct or circumstantial evidence supporting this claim other than what Ms. Hernandez said and what Ms. Hernandez said was not compelling, as she also stated that she was unable to observe the individual in the bed next to her.

23. Investigating Police Detective Rama had a duty to accurately assess the veracity of the alleged victim, Ms. Hernandez, because he knew that this would be the sole basis for the ultimate arrest of Plaintiff and subsequent rape charges against Plaintiff. This duty became especially poignant when Detective Rama learned that Ms. Hernandez suffered from severe mental and emotional issues that undoubtedly affected her credibility.

### The Arrest & Indictment

24. On March 7, 2011, more than one year after the alleged rape, the Plaintiff was arrested.

25. Thereafter the alleged victim testified before a Grand Jury that she had her back to the alleged rapist and could not provide any details as to why she believed Plaintiff was the assailant other than purported instant messages where Plaintiff allegedly apologized and asked her not to tell their parents (it was later learned

that the instant messaging correspondence never occurred and that Ms. Hernandez lied to the Grand Jury).

26. Plaintiff was subsequently charged with one count of Rape in Second Degree, § 130.30(1), a Class D violent felony and one count of Incest in the Second Degree, § 255.26, a Class D non-violent felony on February 11, 2011.

27. As a result of the aforementioned false allegations and charges, the Plaintiff was incarcerated for approximately 10 months.

28. All of the allegations were eventually found to be entirely false and the charges were dismissed based on recommendation of the prosecutors. (See Exhibit A, The Dismissal on Recommendation, Indictment #: 806-2011).

29. In fact, the City and the District Attorney's office were advised that the Plaintiff's uncle, Joselito Hernandez, had a history of sexual abuse against young adults and children. Joselito Hernandez was also present in the apartment when the alleged rape took place. Despite being fully aware of this, the Defendants failed to investigate the matter any further and, as the result, the Plaintiff spent 10 months in prison.

30. From the very beginning, Plaintiff explained to the district attorney's office that he would have never done anything to harm my own sister and that if anyone had

raped her, it must have been his uncle. He never waivered from the fact that he did nothing wrong and that there was no reason to arrest him.

31. On April 4, 2012, more than one year from the day Plaintiff was charged and incarcerated, the Plaintiff's claim of innocence was validated when Judge Berkman dismissed and sealed the charges against the Plaintiff. See Certificate of Disposition attached hereto at Exhibit B.

32. Also, for a whole year and two months, Plaintiff had to fight against meritless criminal charges. Although I was vindicated on April 4, 2012, this does not take away the fact that I was maliciously prosecuted and unjustifiably incarcerated for almost one year. That time will be forever lost to me because the New York District Attorney's office failed to do their duty to investigate these claims further when *they knew* there was a party involved and in contact with my sister who would seem a more likely perpetrator of the crimes.

Plaintiff has initiated this action seeking damages for being unjustly arrested and for being wrongfully incarcerated for over 10 months.

## **THE VIOLATIONS OF THE DA'S OFFICE**

33. The District Attorney's Office, by and through its policymakers, had a custom, policy, pattern and practice of bad faith in ignoring the lack of physical evidence, exculpatory evidence and the lack of reliable witness testimony. Upon information and belief the District Attorney's office ignored and disregarded evidence that proves plaintiff's innocence, for example, they failed to consider the history of depression, mental and emotional problems of the alleged rape victim as well as they failed to consider the presence of another, more likely suspect, Joselito Hernandez, who had a history of sexual abuse of young children.

34. The District Attorney's Office, by and through its policymakers, had a custom, policy, pattern and practice of failing to adequately train, instruct and supervise the district attorneys concerning the obligation to prevent the foreseeable violation of the clearly established constitutional rights of the plaintiff.

## THE VIOLATIONS OF THE CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT

35. Upon information and belief, beginning in the years leading up to the Plaintiff's false arrest and continuing through his incarceration, THE CITY OF NEW YORK and its MAYOR BLOOMBERG and the NYPD and its final policymaker and Commissioner RAYMOND KELLY had a custom, policy, or pattern and practice of failing to adequately investigate leads, of pressuring witnesses and to withhold exculpatory material from prosecutors.

36. The NYPD and its final policymaker and Commissioner RAYMOND KELLY had a custom, policy, or pattern and practice of failing to adequately train, supervise, or discipline officers concerning basic rape investigation techniques, including following up on leads, determining the veracity and lucidity of complainants, pressuring witnesses into false identification, the obligation to disclose exculpatory and impeachment material to the prosecution.
the acts and omissions of the CITY OF NEW YORK, KELLY, BLOOMBERG, NYPD and Detective RAMA constitute deliberate indifference to the constitutional rights of the plaintiff.

37. The named Defendants have been deliberately indifferent to the violation of plaintiff's constitutional rights. Upon information and belief the New York District Attorney maliciously prosecuted plaintiff's case. Upon information and

belief the New York Police Department as well as the District Attorney's office ignored and disregarded evidence that proves plaintiff's innocence.

38. The named Defendants have failed to adequately train or instruct the New York Police Department and its officers so as to prevent the foreseeable violation of the clearly established constitutional rights of the plaintiff.

39. The acts and omissions of the Defendants constitute deliberate indifference to the constitutional rights of the plaintiff.

40. Defendants NYPD and Detective RAMA have tolerated and failed to discipline and/or train officers regarding unlawful conduct, including specifically false arrest.

41. Defendants NYPD and Detective RAMA and supervisory officers have been grossly negligent in the supervision of subordinates thereby causing the violations complained herein.

42. Defendants have tolerated and failed to discipline and/or train officers regarding unlawful conduct, including specifically false arrest and false imprisonment.

43. Defendants and supervisory officers have been grossly negligent in the supervision of subordinates thereby causing the violations complained herein.

## DAMAGES

44. The actions of the defendants deprived Plaintiff's civil rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

45. The unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad faith acts and omissions of the Defendants caused the Plaintiff to be falsely arrested and imprisoned, and to serve over 10 months in jail for the rape of his own sister that he did not commit.

46. The unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad faith acts and omissions of the Defendants caused the Plaintiff to be falsely arrested and imprisoned, and to serve 10 months in jail for the crime he did not commit.

47. The unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad faith acts and omissions of the Defendants caused the Plaintiff irreparable harm to his reputation, employability, family relationships, severe mental anguish, emotional distress, significant legal expenses and loss of income, severe humiliation and embarrassment.

## CAUSES OF ACTION

### First Cause of Action

**42 U.S.C. Sec. 1983:4th and 14th Amendment Claims for Malicious Prosecution, False Arrest and False Imprisonment**

48. Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

49. That the criminal proceeding procured by defendant against Plaintiff was issued to Plaintiff as a direct result of the malicious and /or reckless and/or negligent actions of the Defendants in violation of Plaintiff's rights pursuant to 42 U.S.C. Sec. 1983 and terminated in the Plaintiff's favor.

50. The Defendants acted with malice, primarily for a purpose other than that of bringing the Plaintiff to justice.

51. Specifically, the investigating police officer Detective RAMA acting individually or in concert intentionally withheld from and misrepresented to prosecutors and grand jury exculpatory facts that vitiated probable cause against the Plaintiff.

52. As a direct and proximate result of Defendants' actions The Plaintiff was wrongly imprisoned for 10 months and suffered other grievous and continuing damages and injuries set forth above.

53. The Plaintiff demands costs and attorneys' fees pursuant to 42 U.S.C. Sec. 1988.

## SECOND CAUSE OF ACTION

42 U.S.C. Sec. 1983 14th Amendment Deprivation of Liberty Without Due Process of Law by Withholding Material Exculpatory Evidence and Impeachment Evidence, Coercion and Deliberately Failing to Conduct a Constitutionally Adequate Investigation.

54. Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

55. Defendant NYPD and its investigator Detective RAMA acting individually and in concert, fabricated inculpatory evidence, pressured witnesses into making false identification, failed to follow other investigative leads regarding identification of other suspect(s), withheld material exculpatory evidence from prosecutors, deliberately failed to conduct a constitutionally adequate investigation, thereby depriving the Plaintiff of his clearly established constitutional rights under the Fourteenth Amendment.

56. Defendants Detective RAMA and the NYPD failed to conduct a thorough and adequate investigation into the alleged rape, because they knew or should have known that such investigation would have exonerated the Plaintiff especially in light of the psychiatric infirmity of the alleged rape victim.

57. As a direct and proximate result of Defendants' actions The Plaintiff was wrongly imprisoned for 10 months and suffered other grievous and continuing damages and injuries set forth above.

58. The Plaintiff demands costs and attorneys' fees pursuant to 42 U.S.C. Sec. 1988.

## THIRD CAUSE OF ACTION

59. Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

60. The NYPD and its investigating officer, within the scope of his employment agreed among themselves and with other individuals to act in concert to deprive the Plaintiff of his clearly established Fourth and Fourteenth Amendment Rights to be free from searches and seizures, false arrest, false imprisonment, malicious prosecution and deprivation of liberty without due process of law.

61. The Plaintiff maintained throughout the investigation and throughout his imprisonment that he did not rape his sister, the alleged rape victim.

62. The charges against him were dismissed based upon the prosecutors' recommendation, but only after he served 10 months in jail.

63. As a direct and proximate result of the defendant officers' conspiracy and actions in furtherance of the conspiracy, the Plaintiff was wrongfully and maliciously prosecuted and incarcerated for 10 months and suffered permanent injuries thereof.

## FOURTH CAUSE OF ACTION

### 42 U.S.C. Sec. 1983 Supervisory Liability

64. Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

65. That the investigating officer Detective RAMA acted with impunity in an environment in which they were not trained, supervised or disciplined by the defendant COMMISSIONER KELLY of the NYPD.

66. The defendant COMMISSIONER KELLY of the NYPD acted with gross negligence, recklessness and or deliberate indifference to the constitutional rights of the Plaintiff by failing to provide adequate training, supervision and discipline of the defendant Detective RAMA.

67. As a direct and proximate result of the defendant officers' conspiracy and actions in furtherance of the conspiracy, the Plaintiff was wrongfully and maliciously prosecuted and incarcerated for 10 months and suffered permanent injuries thereof.

## FIFTH CAUSE OF ACTION

**42 U.S.C. Sec.1983 MONELL Liability Against The City of New York**

68. Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

69. The Defendant CITY OF NEW YORK by and through the deliberate indifference of its chief policy maker, Mayor Bloomberg, maintained a custom, policy, and/or practice of condoning and facilitating the use of unconstitutional investigative techniques, despite actual and constructive knowledge that constitutional violations were likely to occur.

70. As a direct and proximate result of the defendant CITY OF NEW YORK policies, the Plaintiff was wrongfully and maliciously prosecuted and incarcerated for 10 months and suffered permanent injuries thereof.

Wherefore the Plaintiff, Rudy Hernandez prays that the Court award damages to him and against all named Defendants, jointly and severally, in an amount determined at trial and;

That the Court award any and all other relief to which Plaintiff Rudy Hernandez may be entitled as a matter of law and equity.

Date: August 1, 2013

THE PORTELA LAW FIRM, P.C.
Robert Vereb, Esq.
The Portela Law Firm, P.C.
37-06 82nd Street, 3rd Floor
Jackson Heights, NY 11376
Tel.: (718) 424-5000
Fax: (718) 424-5002
robertvereb@portelalaw.com

## Verification

STATE OF NEW YORK    )
) ss.:
COUNTY OF QUEENS    )

I, Rudy Hernandez, am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
Rudy Hernandez

Sworn to before me
On 1st day of August 2013

_____
NOTARY PUBLIC
ROBERT VEREB
NOTARY PUBLIC State of New York
No. 02VE6186893
QUALIFIED RICHMOND COUNTY
COMMISSION EXPIRES: 07/20/2016