UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RUDY HERNANDEZ                                          :

                        Plaintiff,          :

                                    :

          -v-          :

                                      :

THE CITY OF NEW YORK, et al.,                          :

                                    :

                    Defendants.          :
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 0 1 2014

13 Civ. 5959 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

      In 2011, Plaintiff Rudy Hernandez was arrested and charged with rape and incest in New York state court after his sister accused him of raping her in 2010. In April 2012, over a year after Plaintiff's arrest, the New York County District Attorney's office (the "DA's Office") recommended that the charges against him be dismissed because the victim doubted whether Plaintiff had, in fact, raped her. In this action, Plaintiff brings claims against the City of New York (the "City") and several of its agencies and officials seeking damages under 42 U.S.C. §§ 1983, 1985, 1986, and 1988 for malicious prosecution, false arrest, false imprisonment, and various *Brady* violations. Compl. ¶¶ 2, 48–58.

      Defendants are the City, former Mayor Michael Bloomberg, the New York City Police Department ("NYPD"), former NYPD Commissioner Raymond Kelly, and NYPD Detective Michael Rama (who investigated the rape), as well as the DA's Office and several of its employees: District Attorney Cyrus Vance and Assistant District Attorneys Laura Millendorf, Laurie McGuire, and Jennifer Gaffney. Plaintiff voluntarily dismissed his claims against the DA's Office, Vance, Millendorf, McGuire, and Gaffney on September 24, 2013. Dkt. No. 6.

1

On December 6, 2013, the remaining Defendants filed a motion to dismiss, or in the alternative, for summary judgment.[1] Dkt. No. 10. In his opposition, Plaintiff indicates that "after diligent research and analysis," he "will voluntarily dismiss the action against the [NYPD], and against Detective Rama because of qualified immunity and will voluntarily dismiss against Mayor Bloomberg as well as against Commissioner Kelly as they had no personal involvement." Pl. Opp. at 5. As a result, Plaintiff's only remaining claims are his claims against the City.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While well-pleaded factual allegations must be accepted as true, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, in assessing whether a pleading states a plausible claim to relief, courts disregard legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

As noted, the City is the only remaining Defendant in this lawsuit. "Under the standards of *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*,

---

[1] As explained in the text, the Court concludes that Plaintiff's Complaint fails to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To reach this conclusion, the Court need not consider materials outside the pleadings, so the standards applicable in the Rule 56 context are not relevant. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (stating that a district court must convert a motion to dismiss into a motion for summary judgment only if it considers matters outside the pleadings).

691 F.3d 72, 80 (2d Cir. 2012) (some citations omitted).  Thus, to survive a motion to dismiss under *Twombly* and *Iqbal*, a plaintiff alleging municipal liability must plead sufficient factual matter to plausibly suggest that the municipality had a "custom, policy, or usage" that caused his federal rights to be violated.

Plaintiff's only allegations of a municipal custom or policy are conclusory assertions. *See* Compl. ¶ 35 (alleging that the City "had a custom, policy, or pattern and practice of failing to adequately investigate leads, of pressuring witnesses and to withhold exculpatory material from prosecutors"); *id.* ¶ 69 (alleging that the City "maintained a custom, policy, and/or practice of condoning and facilitating the use of unconstitutional investigative techniques").  These "[t]hreadbare recitals of the elements" required to prove *Monell* liability are legal conclusions, not well-pleaded factual allegations entitled to a presumption of truth.  *Iqbal*, 556 U.S. at 689. Likewise, to the extent that Plaintiff intends to set forth a failure-to-train claim against the City, *see City of Canton v. Harris*, 489 U.S. 378, 388 (1989), the Complaint is entirely devoid of facts that might support the conclusions he advances.  *E.g.*, Compl. ¶ 38 ("The named Defendants have failed to adequately train or instruct the [NYPD] and its officers so as to prevent the foreseeable violation of the clearly established constitutional rights of the plaintiff."); *id.* ¶ 42 ("Defendants have tolerated and failed to discipline and/or train officers regarding unlawful conduct, including specifically false arrest and false imprisonment.").  Because Plaintiff has not contextualized his allegations with any facts, he fails to state a plausible claim that the City is liable for the constitutional deprivations that he alleges.  *See, e.g.*, *Guan N. v. N.Y.C. Dep't of Educ.*, No. 11 Civ. 4299 (AJN), 2014 WL 1275487, at *22 (S.D.N.Y. Mar. 24, 2014); *Bradley v. City of New York*, No. 08 Civ. 1106 (NGG), 2009 WL 1703237, at *3 (E.D.N.Y. June 18, 2009).

3

As a result, Plaintiff's § 1983 claims against the City are dismissed, and the Court need not address whether he has adequately alleged that his federal rights were, in fact, violated.

Nor does Plaintiff succeed in stating a claim based on the other civil rights statutes he invokes, none of which receives more than a cursory mention in the Complaint or Plaintiff's opposition brief. The only language in § 1985 that is arguably implicated by Plaintiff's claims is its protection against "conspir[ing] for the purpose of impeding, hindering, obstructing, or defeating . . . the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws." 42 U.S.C. § 1985(2). But the Complaint does not allege that any of the Defendants intended to deny Plaintiff the equal protection of the laws, so any claim based on § 1985 fails. *See, e.g.*, *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993) (noting that the "equal protection" language of the second clause of § 1985(2) requires allegations of "class-based animus"); *Saunders v. Vinton*, No. 12 Civ. 581 (MPS), 2013 WL 1729264, at *9 (D. Conn. Apr. 22, 2013) (same), *aff'd*, — F. App'x — , No. 13-1738, 2014 WL 321955 (2d Cir. Jan. 30, 2014). Plaintiff's claim under § 1986 fails for similar reasons: a violation of that statute requires a violation of § 1985. *See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993). And insofar as § 1988 authorizes courts to award attorney's fees to prevailing parties in federal civil rights cases, *see* 42 U.S.C. § 1988(b)–(c),[2] that statute does not help Plaintiff here because none of his claims survive the pleading stage.

---

[2] The other portion of § 1988, subsection (a), does not provide a separate federal cause of action; it merely "complement[s] the various acts which do create federal causes of action for the violation of federal civil rights" by instructing courts which law to apply. *Moor v. County of Alameda*, 411 U.S. 693, 702 (1973), *overruled on other grounds by Monell*, 436 U.S. at 710.

To summarize, Plaintiff's Complaint fails to state a claim against the only remaining Defendant in this case.  The motion to dismiss is GRANTED.  The Clerk of Court is directed to terminate this case.

       SO ORDERED.

Dated: ~~April~~ _____ , 2014
       New York, New York

ALISON J. NATHAN
United States District Judge